IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE T. HAMILTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-1970 |
| | : | |
| P/O CHAD GUGGER, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                June 14, 2021

Maurice T. Hamilton returns for the fourth time to pro se sue Philadelphia state actors alleging they planted three guns on him leading to his guilty plea in December 2013. He first tried to pro se sue the state court judge and police officers in 2019. We dismissed his first pro se case for failing to identify the role of each person.  He then pro se sued the state court judge and the entire police district.  We dismissed this second case after granting him leave to proceed without paying the fees. But we dismissed this second case against an immune judge and entire police district. He then sued in another court and we dismissed after transfer here. He now returns with a fourth case by changing the named defendants and the legal theory but the facts remain largely the same. Mr. Hamilton paid the filing fee this time, but Congress requires we still screen his complaint before issuing summons. We must dismiss his complaint. Mr. Hamilton sues under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, where the Supreme Court recognized a private cause of action to recover damages against federal actors for constitutional violations. But Mr. Hamilton sues state actor not federal agents. Even if Mr. Hamilton again sued state actors for violating his civil rights, he does not plead facts allowing us to find he timely brought his claims within two years of knowing of his injury. He again fails to state a claim. We must dismiss again.

I.      *Pro se* **alleged facts.**

The Commonwealth charged Maurice Hamilton with possessing firearms following a March 28, 2013 arrest.¹ Mr. Hamilton alleges the arresting Philadelphia police officers confiscated the gun in his possession and placed three more on top of the police car. Mr. Hamilton concedes he possessed one gun at the time of his arrest but had no connection with the other three. Mr. Hamilton pled guilty on December 20, 2013 to two counts of aggravated assault, two counts of assaulting a law enforcement officer, possession of a firearm by a minor, aggravated harassment by a prisoner, and aggravated assault with serious bodily injury.²

Mr. Hamilton first sued in this Court on March 13, 2019.³ He sued the Honorable Benjamin Lerner and police officers for their alleged role in placing the three guns in his possession.⁴ Mr. Hamilton did not specifically plead involvement of the named state actors.⁵ Mr. Hamilton moved to proceed *in forma pauperis*.⁶ We denied his request because he did not provide a certified statement of his prisoner account. We then granted him leave to either pay the filing fee or file the certified amount.⁷ He instead moved for post-conviction relief. We dismissed his motion for post-conviction relief as we lack jurisdiction to vacate a conviction in state court absent habeas relief.⁸

Mr. Hamilton then sued Judge Lerner and the 35th Police District.⁹ We granted him leave to proceed *in forma pauperis*.¹⁰ We dismissed his complaint as frivolous after our Congressionally mandated screening because (1) a judge is entitled to immunity from actions taken in his official capacity and (2) "Mr. Hamilton cannot sue an entire police district without alleging specific conduct and supervisory liability by the City of Philadelphia."¹¹ We denied his request to reconsider our dismissal of his second complaint.¹²

Mr. Hamilton then filed the same claims in the United States District Court for the Middle District of Pennsylvania, naming Philadelphia police officers who allegedly violated his civil rights

2

during the March 2013 arrest.[13] The court transferred Mr. Hamilton's case to us due to improper venue.[14] We granted him leave to proceed *in forma pauperis*, but dismissed his action on October 13, 2020 because (1) he did not plead a cognizable claim to pass our screening requirements and (2) Pennsylvania's personal injury statute of limitations barred his section 1983 claims.[15]

Mr. Hamilton now *pro se* sues Philadelphia police officers Chad Gugger and Timothy Auty; Detective Patrick Valentino; and Sergeant Andrew Smith.[16] Mr. Hamilton also sues Cherise Gilbert, Dominic O'Neil, Kevin Sloan, Keith Chait, and Kia White under an attached section he titled, "These are the Police Officers Being Sued in This Case."[17] He does not sue them in their official capacities. Mr. Hamilton paid the filing fee. Mr. Hamilton sues these officers under *Bivens* alleging they violated his Fifth, Sixth, and Ninth Amendment rights.[18] He does not describe how or what role the officers played in his harm.[19] Mr. Hamilton seeks $160 Million for each of three guns "they threw on . . . [him]," totaling $480 Million for "false evidence."[20]

## II.     Analysis

Mr. Hamilton attempts to sue the Philadelphia police officers and state actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* for violating his Fifth, Sixth, and Ninth Amendment rights.[21] Congress requires we screen his Complaint under the Prison Litigation Reform Act because he remains incarcerated.[22]  Congress directs us to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[23] We dismiss his complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."[24] "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'"[25] "Under [28 U.S.C.] . . . § 1915A(b)(1), [we] may dismiss a complaint as frivolous if

3

it is 'based on an indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."[26]

The legal standard for dismissing a complaint for failure to state a claim under Prison Litigation Reform Act at section 1915A and the legal standard for dismissing a complaint under Rule 12(b)(6) is identical. "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[27] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged."[28] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] We construe Mr. Hamilton's complaint liberally because he is an imprisoned *pro se* litigant.

We first dismiss Mr. Hamilton's Complaint as frivolous because he alleges a *Bivens*[30] claim against state actors.[31] To allege a *Bivens* claim, Mr. Hamilton must plead conduct by a federal actor depriving him of a constitutional right or a right secured by federal law.[32] Mr. Hamilton sues Philadelphia police officers Chad Gugger and Timothy Auty; Detective Patrick Valentino; and Sergeant Andrew Smith. Mr. Hamilton also sues Cherise Gilbert, Dominic O'Neil, Kevin Sloan, Keith Chait, and Kia White, apparently other members of the Philadelphia police department.[33] We have no facts suggesting these officers acted under the color of federal authority. Mr. Hamilton pleads they are Philadelphia police officers. We must dismiss Mr. Hamilton's claim because it is based on a *Bivens* legal theory which does not apply to state actors under these facts.

We also dismiss Mr. Hamilton's case because he does not plead facts allowing us to infer a federal actor deprived him of a constitutional right or a right secured by a federal law. Even if Mr. Hamilton pled civil rights claims under section 1983, he does not allege facts allowing us to

plausibly infer a person acting under color of state law violated his constitutional rights. Mr. Hamilton does not allege the individual defendant in a civil rights action had personal involvement in the alleged wrongdoing.[34] To make a showing of personal involvement, Mr. Hamilton must plead "a personal direction or of actual knowledge and acquiescence."[35]

Mr. Hamilton does not connect any of these officers to planting three more guns in his possession. Mr. Hamilton alleges, "[o]n the date and time, I was arrested for possession of one gun. They threw three more guns on me to which I had no connection."[36] Liberally reading Mr. Hamilton's allegations allows us to infer police officers ("they") had some involvement in "throwing" guns on him.  But he does not allege individual involvement; he pleads just conclusions.  Mr. Hamilton also alleges "three additional guns were placed on the police car with my gun," but does not specifically cite a defendant planting the guns.[37]

Mr. Hamilton's claims against the various Philadelphia officers also must fail because they are facially barred by the statute of limitations regardless of whether he alleges a *Bivens* claim or a section 1983 claim. "A *Bivens* claim in which a plaintiff is alleging personal injury has a two-year statute of limitations."[38] "A *Bivens* claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action."[39] "A section 1983 claim is characterized by the applicable state's statute of limitations for personal-injury claims."[40] "The statute of limitations for a [section] 1983 claim arising in Pennsylvania is two years."[41] The discovery rule may delay the running of the statute of  limitations in certain "… circumstances …  where the plaintiff is reasonably unaware" of his injury and his injury has been caused by another party's conduct.[42]

Mr. Hamilton sued on April 26, 2021.  His claims arise from a March 28, 2013 arrest.  He knew of the alleged conduct when charged in March 2013.  But he waited more than eight years to bring this fourth duplicative lawsuit.  Mr. Hamilton knew of the alleged conduct more than two

years before filing this case when he first filed this same grievance in March 2019; he filed this case more than two years after he "first" became aware of the injury. Mr. Hamilton also pled guilty in December 2013. He does not plead facts allowing us to delay the running of the statute of limitations under the discovery rule. We must dismiss Mr. Hamilton's 2021 claims arising from the March 28, 2013 conduct as time barred.

Mr. Hamilton has now tried to challenge March 2013 conduct in four different lawsuits. He waited far beyond the statute of limitations to file these claims.  He sues immune parties. He asserts federal actor *Bivens* theories with no basis under the law.

### III.    Conclusion

We must dismiss Mr. Hamilton's complaint under section 1915A(b)(1). Mr. Hamilton (1) fails to assert the proper legal claim to sue state actors, (2) does not allege facts allowing us to plausibly infer the named state actors planted the guns, and (3) filed the case long after he knew of the injury after the statute of limitations expired.

---

[1] ECF Doc. No. 5.

[2] No. 20-4826 at ECF Doc. No. 4.

[3] No. 19-1061 at ECF Doc. No. 2 at 1.

[4] *Id.* at 3.

[5] *Id.* at 5.

[6] No. 19-1061 at ECF Doc. No. 1.

[7] *Id.* at ECF Doc. No. 4.

[8] *Id.* at ECF Doc Nos. 7, 8.

[9] No. 20-628 at ECF Doc. No. 1.

[10] *Id.* at ECF Doc. No. 7.

---

[11] *Id.* at ECF Doc. Nos. 6, 7.

[12] *Id.* at ECF Doc. Nos. 12, 13, 16, 17.

[13] No. 20-4826 at ECF Doc. No. 1 at 1.

[14] *Id.* at ECF Doc. No. 11.

[15] *Id.* at ECF Doc. No. 14.

[16] ECF Doc. No. 1 at 2, 3.

[17] *Id.* at 2.

[18] *Id.* at 4; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[19] *Id.* at 5, 6.

[20] *Id.*

[21] ECF Doc. No. 1 at 4.

[22] *Durham v. Phila. Prison System,* No. 18-2113, 2018 WL 3105589, at *1 (E.D. Pa. June 25, 2018).

[23] 28 U.S.C. § 1915A(a).

[24] 28 U.S.C. § 1915A(b)(1)-(b)(2).

[25] *Vazquez v. McGinley*, No. 20-6573, 2021 WL 242480, at *2 (E.D. Pa. Jan. 25, 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[26] *Johnson v. Caputo*, No. 11-2603, 2013 WL 2627064, at *4 (E.D. Pa. June 12, 2013) (citing *Neitzke*, 490 U.S. at 327-28).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55-556 (2007)).

[29] *Id.* (citing *Twombly*, 550 U.S at 555-557).

[30] 403 U.S. 388 (1971).

[31] ECF Doc. No. 1 at 4.

[32] *Ferguson v. U.S.*, 178 F. Supp. 3d 282, 289 (E.D. Pa. 2016) (citing *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 84 (3d Cir. 2001)).

[33] ECF Doc. No. 1 at 2.

[34] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

[35] *Farrar v. McNesby*, No. 13-5683, 2014 WL 6861458, at *1 (E.D. Pa. Dec. 5, 2014) (quoting *Evancho,* 423 F.3d at 353).

[36] ECF Doc. No. 1 at 5.

[37] *Id.* at 6.

[38] *Wooden v. Eisner*, 143 F. App'x. 493, 494 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[39] *Id.* (citing *Sameric Corp of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

[40] *Bressi v. Gembic*, 752 F. App'x. 113, 114 (3d Cir. 2019) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).

[41] *Bressi*, 752 F. App'x. at 114 (citing *Kach v. Hose*, 589 F.3d 624, 634 (3d Cir. 2009); 42 PA. CONS. STAT. §5524(2) (2014)).

[42] *Washington v. State Mun. Phila. City, et al.*, No. 20-690, 2020 WL 1922904 at *4 (E.D. Pa. Apr. 21, 2020) (citing *Nikolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018)).